UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSEPH ANTHONY ROBERSON,<br><br>   Plaintiff,<br><br>  v.<br><br>THANT PEARSON, Area Manager for Work Force Center/Vocational Rehabilitation Services, BARBARA SCHULER, Work Force Center/Vocational Rehabilitation Service Counselor, and WORK FORCE CENTER/VOCATIONAL REHABILITATION SERVICES ET AL.,<br><br>   Defendants. | Civil No. 12-2056 (ADM/FLN)<br><br>**REPORT AND RECOMMENDATION** |

  This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). (Docket No. 2.) The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

  An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

  Here, Plaintiff is attempting to sue three defendants identified as (1) Thant Pearson, "Area Manager for Work Force Center/Vocational Rehabilitation Services," (2) Barbara Schuler, "Work Force Center/Vocational Rehabilitation Service Counselor," and (3) "Work

Force Center/Vocational Rehabilitation Services et al." According to Plaintiff's complaint, on July 3, 2012, Plaintiff and Defendants "entered into a plan regarding employment and education implementing services to be provided by this agency relative to transportation repairs, cost, mileage fee, housing, educational tuition, cost and fee's [sic] educational books and equipment." (Complaint, [Docket No. 1], p. 2.) Evidently, this alleged "plan" did not reach fruition, because Defendants allegedly failed to complete their responsibilities under the plan. Plaintiff is now seeking a judgment against Defendants for $350,000.

The caption of Plaintiff's complaint shows that he is attempting to bring his lawsuit against Defendants under 18 U.S.C. §§ 241, 242, and 245, an 42 U.S.C. § 14141. (See also Complaint, p. 1, ¶ 1, and "Civil Cover Sheet.") However, Plaintiff cannot maintain a cause of action against Defendants under any of those statutes.

18 U.S.C. §§§ 241, 242 and 245 are federal criminal statutes that cannot provide the basis for any private cause of action by the Plaintiff against the named Defendants. See United States v. Wadena, 152 F.3d 831, 846 (8th Cir. 1998) ("Courts repeatedly have held that there is no private right of action under § 241"), cert. denied, 526 U.S. 1050 (1999); Newcomb v. Ingle, 827 F.2d 675, 677, n. 1 (10th Cir. 1987) (per curiam) ("Section 241 is a criminal statute prohibiting acts of conspiracy against the rights of citizens, and it does not provide for a private civil cause of action."); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (per curiam) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242"); Lang v. Quinlan, 1993 WL 129675, (5th Cir. 1993) (unpublished opinion) (per curiam) at *4("Section 241, which criminalizes conspiracies to deprive a person of 'any right or privilege secured to him by the Constitution or laws of the United States,' does not give rise to a private cause of action."); Campbell v. McMinn County, Tenn., No. 1:10-CV-278,

(E.D.Tenn. 2012), 2012 WL 369090 at *9 ("18 U.S.C. § 245 is a criminal statute 'which does not give rise to any civil cause of action') (citations omitted); Singh v. New York State Dept. of Taxation & Finance No. 06–CV–00299C(F) (W.D.N.Y. 2011), 2011 WL 3273465 at *36 ("§ 245 does not provide for a private, civil cause of action and Plaintiff, as a private citizen, is without any standing to criminally prosecute Defendants under § 245").

It is also well settled that 42 U.S.C. § 14141 "does not create a private cause of action, but rather, only allows the Attorney General to bring a civil action to eliminate the [allegedly unlawful] pattern or practice." Knight v. City of Balch Springs, No. 3:11-CV-1122-B-BH, (N.D.Tex. 2011), 2011 WL 3519938 at *2 (citing Johnson v. Missouri City, No. H–07–1739, 2009 WL 6767109, at *1 n. 1 (S.D.Tex. Mar.9, 2009); Huerta v. Garcia, No. B–07–39, 2007 WL 3120128, at *3 (S.D.Tex. Oct.23, 2007)).[1]

In sum, Plaintiff cannot maintain a private cause of action under any of the statutes

---

[1] The Knight case includes a footnote that identifies several other district court decisions that have "consistently found that § 14141 does not create a private cause of action." Knight, 2011 WL 3519938 at *2, n. 1 (citing Pitts v. City of Cuba, 4:10–CV–274 ERW, 2011 WL 2433401, at *2 (E.D.Mo. June 16, 2011), slip copy; Mendia v. City of Wellington, No. 10–1132–MLB, 2010 WL 4513408, at * 5 (D.Kan. Nov.2, 2010), slip copy; Rutledge v. Town of Chatham, No. 4:10CV0035, 2010 WL 3835662, at * 1 (W.D.Va. Sept. 30, 2010), slip copy, aff'd 414 Fed. App'x 568 (4th Cir.2011); Coleman v. Cumberland Police Dept., No. 1:09–CV–734–DML–LJM, 2010 WL 2735623, at *4 (S.D.Ind. July 9, 2010), slip copy; CP, ex rel. Powell v. Tenn., No. 3:10–CV–126, 2010 WL 2598105, at * 3 (E.D.Tenn. June 24, 2010), slip copy; Gray v. Mich. Dep't of Human Servs., No. 09–CV–12596, 2010 WL 1755055, at *3 (E.D.Mich. Apr.22, 2010), slip copy, accepted by 2010 WL 1755052 (E.D.Mich. Apr.30, 2010); Wright v. Taylor, No. 08–5944, 2009 WL 2342567, at *4 (E.D.Pa. July 28, 2009), slip copy; Gallacher v. Kisner, No. 2:08–CV–845 TC, 2009 WL 2058432, at *5 (D.Utah July 15, 2009), slip copy; Clarke v. Upton, No. CV–F–07–888 OWW/SMS, 2009 WL 1460815, at *25 (E.D.Cal. May 26, 2009), slip copy; Davis v. Clearlake Police Dept., No. C–07–03365 EDL, 2008 WL 4104344, at *11 (N.D.Cal. Sept.3, 2008); Leisure v. City of Reynoldsburg, 2:07–cv–411, 2008 WL 4137961, at *7 (S.D.Ohio Aug.29, 2008); Greer v. Hillsborough County Sheriff's Dept., No. 8:04–CV2034T23MSS, 2005 WL 2416031, at *2–3 (M.D.Fla. Sept.30, 2005); Thompson v. Washington, No. CO4–2554–L, 2005 WL 2045886, at *1 (W.D.Wash. Aug. 25, 2005)).

3

cited in his complaint. Furthermore, the Court cannot discern any other cause of action that could be brought against Defendants based on the allegations pleaded in Plaintiff's current complaint. Thus, the Court finds that Plaintiff's complaint fails to state a cause of action on which relief can be granted.

Because Plaintiff has not pleaded an actionable claim for relief, the Court must recommend that his IFP application be denied, and that this action be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket No. 2), be **DENIED**; and

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: August  27,  2012

                                                                                s/ *Franklin L. Noel*
FRANKLIN L. NOEL
United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **September 10, 2012**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.